IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,291-01






EX PARTE SHAUN ADAM MOSER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. S-08-3386-HC IN THE 36th DISTRICT COURT


FROM SAN PATRICIO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual
abuse of a child and sentenced to twenty-five years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because he was improperly
admonished regarding parole eligibility by the trial court, and misadvised regarding parole eligibility
by his counsel. 

 Given the nature of Applicant's offense, he is not eligible for parole. (1) The Applicant has
attached what purports to be a copy of the hearing transcript from the plea colloquy in this case. The
attached transcript contains the following pertinent exchange during the plea colloquy:

 THE COURT: Twenty-five years in the penitentiary for this offense. Has anybody made you
any other kind of promises regarding this plea bargain, sir?


 THE DEFENDANT: No, Your Honor.


 THE COURT: Anybody promise you any type of early release or parole or anything of that
nature?


 THE DEFENDANT: No, Your Honor.


 THE COURT: Understand that they cannot represent to you when you'll be paroled, when
you won't be paroled - - 


 THE DEFENDANT: I understand.


 THE COURT: - - because those things are outside our control. They belong strictly to the
Institutional Division. So nobody has made you any other kind of promises that you'll be
eligible for any type of parole at an early point or anything of that nature; is that correct?


 THE DEFENDANT: Correct, Your Honor.


 THE COURT: Plea bargain agreement is simply you would be assessed 25 years in the
penitentiary and then the Institutional Division will determine how long you need to serve
that on that sentence. Could be all of it or part of it [emphasis added]. Do you understand?


It appears from the record, that the Applicant was improperly admonished by the trial court regarding
his parole eligibility in this cause. However, no findings of fact or conclusions of law have been
made regarding the authenticity of the attached transcript. Furthermore, the habeas record does not
contain any affidavit from counsel regarding the advice he gave to the Applicant in this cause. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Moussazadeh,
361 S.W.3d 684 (Tex. Crim. App. 2012). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. If the trial court
elects not to have a hearing in this case, it shall obtain an affidavit from counsel addressing
Applicant's claims.

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial court shall make findings of fact and
conclusions of law regarding whether the transcript included by the Applicant is a true and correct
copy of the plea colloquy in this case. Also, the trial court shall make findings of fact and
conclusions of law regarding what advice counsel gave to the Applicant regarding his parole
eligibility in this case. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: October 23, 2013

Do not publish

1. The Applicant was convicted of an offense under § 21.02 of the Texas Penal Code.
And § 508.145(a) of the Texas Government Code states that an inmate serving a sentence for an
offense under § 21.02 is not eligible for release on parole.